Florindo **MENDOZA–PUENTES,**
Petitioner,

v.

Alberto **GONZALES,**\* Attorney
General, Respondent.

No. 04–70024.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for
Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Earle B. Wilson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Florindo Mendoza–Puentes, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming without opinion the decision of an immigration judge denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will overturn the agency's decision only if the evidence compels such a result. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). We deny the petition for review.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We deny Mendoza–Puentes' petition for review because he failed to establish that the harassment he and his father received from their unidentified attackers was even partly on account of one of the statutory grounds. *See* 8 U.S.C. § 1101(a)(42)(A) (defining "refugee"); *Cruz–Navarro,* 232 F.3d at 1029.

Because Petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1031. Petitioner also failed to establish eligibility for relief under CAT because he failed to show it was more likely than not that he would be tortured if removed to Guatemala. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**